## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SUSIE DELMA ALBERT ) | |
| *Plaintiff* ) | CIVIL ACTION: _____ |
| ) | |
| ) | |
| ) | |
| V ) | |
| ) | |
| MACY'S INC. ) | |
| Corporation Service Company ) | |
| *Defendant* ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff by and through Counsel, for their complaint against the Defendant, states as follows;

1. Nature of the action. This is a personal injury action for damages which exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interest, costs, and attorney fees, against Defendant Macy's Inc.

## JURISDICTION AND VENUE

The jurisdiction is proper in the United States District for the District of Colorado, pursuant to 28 U.S.C. § 1332. Complete diversity is present as

1

delineated within this complaint, and the matter in controversy exceeds the sum or value of seventy five thousand dollars ($75,000.00).

Venue is proper in the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1391(8).

All or whole of the rights of the Plaintiff's claims against the Defendant occurred at the establishment owned and operated by the Defendant Macy's. On the day of the incident, on or about February 1, 2015, at a location known as Flatiron Crossing located within the state of Colorado.

## PARTIES

1. At all times, material hereto, Plaintiff Susie Albert is a citizen and a resident of the state of Colorado.

2. At all times, material hereto, Defendant Macy's Inc. is a corporation incorporated in the state of Ohio, with an agent for service of process within the state of Colorado.

3. At all times, material hereto, Defendant operated as a corporation buying and selling retail goods to the general public.

4. This cause of action arose in Broomfield, Colorado, at a location also known as the Flatiron Crossings.

## FACTS COMMON TO CAUSE OF ACTION

1. The Plaintiff maintains that her action is pursuant to C.P.A., also known as the Colorado Premises Liability Act, pursuant to C.R.S. 13-21-15 et. seq. The Plaintiff maintains that while on the premises as an invitee on or about February 1, 2015, she was stopped by an agent of the Defendant Macy's in connection to an alleged shoplifting incident.

2. The matter complained herein, Daniel Travis Ovey, employed at Macy's as a loss prevention officer, came and talked to the Plaintiff as follows; Agent Daniel indicated he was conducting routine surveillance of Macy's when he observed Plaintiff and an unidentified woman walking in from lot located on Defendant's property. At that time, he allegedly observed via surveillance, that the Plaintiff opened a bag, selected a comforter and placed it inside the bag. Agent Ovey alleged that the Plaintiff left the premises without paying for said item.

3. Subsequent thereto, Ovey followed the Plaintiff and instructed her to return to the security office located on the premises of the Defendant. Ovey identified himself as employee of Macy's, a loss prevention officer, and ordered the Plaintiff to stop.

4. Thereafter, a shouting match ensued between Ovey and the Plaintiff and Ovey grabbed the Plaintiff by both of her arms in order to "gain control

of her". Allegedly Plaintiff began punching, scratching, and biting. At that time, Ovey removed a pair of handcuffs and threw Plaintiff on the ground and handcuffed her.

5. Furthermore, Agent Ovey's decision to use the handcuffs, while in the course of struggling with the Plaintiff, caused cervical injury of a permanent nature to Plaintiff. Ovey grabbed Plaintiff and took her to the surveillance office of Defendant Macy's. Despite Plaintiff indicating to Ovey that she was in severe pain, he continued to keep her within the confines of said office. As a direct and proximate result of Plaintiff being thrown to the ground and handcuffed as stated above, she suffered permanent cervical injuries. At the time Plaintiff was injured, she felt dazed, suffered from intense pain, and numbness of her head, neck, and shoulders.

6. Plaintiff has been advised by doctors, that since to February 1, 2015 and up to the time and date of filing this complaint, that she did not and would not recover to the full extent of health she experienced prior to the date of this incident. As a result, the Plaintiff has suffered from intense pain and discomfort, constant physical and emotional suffering, and the inability to return to work or drive.

7. Additionally, Plaintiff has been advised by her attending physicians that

4

she will require restriction in her daily activities, as well as lifelong medical care.

## COUNT 1: PREMISES AND LIABILITY

Plaintiff incorporates by reference all of the above, and additionally states as follows:

1. Ovey, as agent of Macy's exercised undue caution and failed to properly arrest Plaintiff, and further by his actions, caused an assault to be perpetrated as to the Plaintiff. Ovey, as agent for and acting on behalf of Defendant Macy's Inc., failed to use reasonable care to ensure that Plaintiff was not injured during the course of the interrogation and seizure.

2. As a direct result of Ovey's failure to use reasonable care as it related to the interrogation of the Plaintiff and subsequent incarceration of the Plaintiff he knew and was reasonably aware that his failure to use reasonable care in the securing of the Plaintiff was likely to cause serious injury.

3. Consequently, injury did occur as specified above and Plaintiff has accrued damages in the form of permanent physical impairment to her head, neck, and shoulders. Also medical expenses, legal expenses, mental

anguish, pain and suffering, loss of earnings, loss of ability to earn money, and loss of capacity for the enjoyment of life.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Susie Albert, by and through her counsel, demands judgment against the Defendant for all relief as specified above and for any other further relief that seems just and proper to the Court, requests the cost of prosecuting this action, interest that is appropriate, and any other relief which is set forth in the C.L.P.A.

## JURY DEMAND

Plaintiff requests a trial by jury in this matter.

Respectfully Submitted
/s/ Normando Pacheco
Law Offices of Pacheco & Wake
14241 East 4th Ave, suite 300
Aurora, CO, 80011
Phone: 720.859.7407
Fax: 720.836.4230
PandWLaw@gmail.com
*Attorney for Plaintiff*